IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHAWN HINES, | : | |
| on behalf of himself and all | : | |
| others similarly situated, | : | |
| Plaintiff, | : | Civil Action File No. |
| v. | : | |
| | : | |
| FDS BANK, and DEPARTMENT | : | |
| STORES NATIONAL BANK, | : | **Jury Demanded** |
| Defendants. | : | |
| ———————————————— | : | |

## CLASS ACTION COMPLAINT

1.    Plaintiff SHAWN HINES ("HINES"), on behalf of himself and all others similarly situated, alleges defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by initiating non-emergency telephone calls using an automatic telephone dialing system to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1337 and 47 U.S.C. § 227(b)(3).

3.     This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear Plaintiff's state law claims as they are so related to Plaintiff's TCPA claim that they form part of the same case or controversy.

4.     Venue in this District is proper because the Plaintiff resides here and the Defendants transact business here.

## PARTIES

5.     Plaintiff is a natural person who resides in the Northern District of Georgia.

6.     Plaintiff is a subscriber for the cellular telephone at issue in this case.

7.     Defendant FDS BANK ("FDS") is a national bank with its headquarters in Mason, Ohio.

8.     Defendant DEPARTMENT STORES NATIONAL BANK ("DSNB") is a national bank with its headquarters in Sioux Falls, South Dakota.

9.     Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

10.     In the four-year period preceding the filing of this action, DSNB and FDS made telephone calls to Plaintiff's cellular telephone number.

2

11.     Some or all of these telephone calls were made using a predictive dialer, or telephone equipment that otherwise constitutes an Automatic Telephone Dialing System.

12.     Defendants use the Aspect Software, Inc. Unified IP dialer to make outbound calls.

13.     The Aspect Software, Inc. Unified IP dialer has the ability to store telephone numbers.

14.      The Aspect Software, Inc. Unified IP dialer generates telephone numbers to be called from the stored database in a sequence set by either a dialer manager or a dialing algorithm.

15.     The Aspect Software, Inc. Unified IP dialer dials such telephone numbers.

16.     The Aspect Software, Inc. Unified IP dialer has the ability to dial from a stored database without a live natural person intervening at the time the call is initiated.

17.     Defendants did not have Plaintiff's prior express consent to make these calls.

18.     Indeed, plaintiff repeatedly pleaded to Defendants through their consumer-facing brand Macy's, asking that the calls stop. Calls persisted despite this.

19.     DSNB and FDS knew about the TCPA before making the calls to plaintiff and the class, knew that Plaintiff had asked that calls stop, but made these autodialed calls to cellular phones in spite of such knowledge.

20.     Defendants' use of an Aspect dialer to call plaintiff was part of a common course of conduct, applied across large swaths of consumers. The Defendant's approach to incessant calling complained of herein was systematic.

21.     The telephone calls were annoying to plaintiff, constituted a nuisance, invaded plaintiff's privacy, and temporarily occupied Plaintiff's telephone line and cellular telephone.

22.     The telephone calls were intentionally, willfully and knowingly initiated.

23.     The telephone calls were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

24.     This action is brought on behalf of a class defined as (i) all persons to whom a call was initiated by or on behalf of DSNB or FDS to (ii) such persons cellular telephone number (iii) using an Aspect dialer or a similar telephone system

4

used to call plaintiff, (iv) in the four year period preceding the filing of this action; (v) excluded from the class are those persons who directly provided his or her cell phone number to either defendant, and did not ask that calls stop.

25.     The exact size of the class is information within the exclusive knowledge of the defendants.

26.     The class is so numerous that joinder of all members is impractical.

27.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal issues are:

a.     Whether the dialing system(s) used to call Plaintiff and the class was an automatic telephone dialing system under the TCPA and/or the FCC's rules; and

b.     Whether the telephone calls were made knowingly or willfully.

28.     The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

29.     Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling TCPA robocall actions and class actions.  Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

5

30.     Certification of the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendants have acted on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole. Indeed, Defendants have paid millions of dollars to consumers in prior class action settlements, *e.g. Hashw v. Department Stores National Bank*, 0:13-cv-00727-RHK-BRT (D.Minn), but maintained the practices complained of in spite of this. The only reasonable conclusion is that Defendants made a cost-benefit decision to keep using an autodialer despite the risk of getting sued.

31.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

    a.     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member

    b.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cellular telephones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain relief, whether because they are unaware of their

6

right to relief from the harm caused by Defendant's illegal practices, due to the

prohibitive time and monetary cost inherent in individual litigation, or otherwise.

32.    Plaintiff requests certification of a hybrid class pursuant to Fed. R.

Civ. P. 23(b)(2) and (3) for monetary damages and injunctive relief.


## CAUSES OF ACTION PURSUANT TO
## THE TELEPHONE CONSUMER PROTECTION ACT

### COUNT ONE: MONETARY DAMAGES PURSUANT TO
### 47 U.S.C. §227(b)(3)(B) FOR IMPROPER USE OF AN
### AUTOMATIC TELEPHONE DIALING SYSTEM

33.    The acts of Defendant constitute violations of the Telephone

Consumer Protection Act's prohibitions on the use of automatic telephone dialing

systems and the regulations promulgated thereunder.

34.    Defendant made and/or initiated telephone calls using an automatic

telephone dialing system or an artificial or prerecorded voice to to telephone

numbers assigned to a cellular telephone service, in violation of 47 U.S.C. §

227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

35.    As a result of Defendant's actions, Plaintiff and the members of the

class are entitled to an award of actual damages or $500.00, whichever is greater,

for each such violation pursuant to 47 U.S.C. § 227(b)(3)(B).

36.    Defendant's violations were committed willfully.

7

37.     Defendant's violations were committed knowingly.

38.     Plaintiff, on behalf of herself and the class, requests the court treble damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT TWO:  INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227(b)(3)(A) TO REQUIRE DEFENDANT CEASE UNLAWFUL USE OF AUTOMATIC TELEPHONE DIALING SYSTEMS

39.     The acts described above constitute violations of the Telephone Consumer Protection Act by Defendant's use of an automatic telephone dialing system to make and/or initiate calls to Plaintiff's and to class members' cellular telephone numbers.  As evidenced by Defendant's continuing calling of Plaintiff, in violation of the TCPA, Defendant's policies and procedures violate the TCPA on a continuing basis.

40.     Based on Defendant's pattern and practice of violating the TCPA, future violations will continue.

41.     The only way to prevent the Defendant from continuing to violate the TCPA is to enjoin the defendant from further use of an automatic telephone dialing system or prerecorded or artificial voice messages.

42.     Accordingly, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit

8

Defendant from continuing use of an automatic telephone dialing system or using prerecorded or artificial voice messages.

43.     In the alternative, Plaintiff, individually and on behalf of the Class, seeks injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) to enjoin and prohibit Defendant from continuing use of an automatic telephone dialing system or prerecorded or artificial voice messages  without the prior express consent of the called party.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendants, as follows:

    A.    Certification of this matter to proceed as a class action;

    B.    Damages in the liquidated amounts provided by statute pursuant to 47 U.S.C. § 227(b)(3)(B);

    C.    Treble damages pursuant to 47 U.S.C. § 227(b)(3);

D.      Injunctive relief 47 U.S.C. § 227(b)(3)(A) preventing future

conduct by the defendants in violation of the TCPA, in the form

of at least the following:

      1.      Requiring Defendants to develop and maintain

comprehensive data as to the who, what, when, why, where and

how they obtained consent for every telephone number that is

called with any equipment other than a traditional push-button

telephone, and to program their dialing system not to call any

phone numbers that do not have the above information already

fully populated in their system;

      2.      Requiring Defendants to hire an independent third

party to audit their recordkeeping (see above) to make sure

Defendants had legitimate consent, as to at least 5% of

outbound calls, and to report to the Court and Plaintiff's

counsel on a quarterly basis;

E.      Attorney's fees and litigation expenses of suit pursuant to

O.C.G.A. § 13-6-11; and

F.      Costs of this Action pursuant to Fed. R. Civ. P. 54; and

G.     Such further and additional relief as the court deems just and

proper.

Plaintiff herein demands a trial by jury on all issues so triable.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by:     /s/ James M. Feagle
        James M. Feagle
        Georgia Bar No. 256916
        jfeagle@skaarandfeagle.com
        2374 Main Street
        Suite B
        Tucker, GA 30084
        404 / 373-1970
        404 / 601-1855 fax

        Justin T. Holcombe
        Georgia Bar No. 552100
        jholcombe@skaarandfeagle.com
        Kris Skaar
        Georgia Bar No. 649610
        krisskaar@aol.com
        133 Mirramont Lake Drive
        Woodstock, GA  30189
        770 / 427-5600
        404 / 601-1855 fax

11

**BURKE LAW OFFICES, LLC**

Alexander H. Burke
*Pro Hac Vice Application Forthcoming*
aburke@burkelawllc.com
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
312 / 729-5288
312 / 729-5289 fax
*Counsel for Plaintiff*

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, recordings, phone records, dialer records, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, telemarketing, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/James M. Feagle